WILLIAMS, Plaintiff, v. CONROY, Respondent; EAST-
LAND et al., Appellants.

No. 7967; June 29, 1883.

**Appeal—Dismissal.—On Appeal from an Order Denying a New Trial,** taken by one of several defendants (being dissatisfied with the adjustment effected by the findings as between him and his co-defendants rather than as between him and plaintiff), a motion to dismiss made by plaintiff should be denied.

**New Trial.—Where the Defendants Do not Actually Question** the acts of the plaintiff and are satisfied with the findings so far as they concern him (the dissatisfaction being rather so far only as those findings concern the defendants inter se), they cannot justly ask for a new trial, in which, necessarily, plaintiff must be a party, in order to secure a different adjustment.

APPEAL from Superior Court, San Francisco.

Doyle & Barber, J. M. Seawell and J. S. Bugbee for plaintiff; E. R. Taylor for Eastland, trustee; C. T. Botts for certain appellants.

MYRICK, J.—The motion to dismiss the appeal is denied. Though the action was brought by Williams, and he remained as plaintiff in the case as a whole, yet the portions of the decree appealed from relate, on their face, only to matters in controversy as between the defendants. In such matters Williams had no interest, would not be affected by any order relating thereto which might be made on the appeal, and was, in no respect, an adverse party to the appellants.

The appeal was taken from the order denying a motion for a new trial, and, as said above, from portions of the decree. But one undertaking was necessary to be given, no stay being required.

Substantially, the matters presented by the appellants for consideration on this appeal relate to the expenditure by Williams, while trustee, of thirty-nine thousand nine hundred and eighty-six dollars and eighty-seven cents, in improvements upon a lot which had been specifically devised to the Ketlers, and whether that amount should be deducted from the general trust fund belonging to the Conroy and Ketler trusts, so

called, and, in the adjustment of the effects on hand as between the two trusts, those effects should be divided equally, or whether the Conroy trust should have allowed to it a sum sufficient to balance the amount expended on the Ketler lot, so as to make equal the amounts to go to each trust, taking into account the amount expended. As to this expenditure, the findings of the court, filed November 11, 1875, as the result of the trial had in April, 1874, contain the statements that these sums were expended by plaintiff out of the mixed trust funds in his hands, in the construction and erection of a brick and iron building and in the erection of a party-wall on the lot; that the building was a permanent and substantial structure, was erected at fair and reasonable prices, and that the rents were thereby increased from about two hundred and eighteen dollars to about four hundred dollars per month.

These findings were supported by evidence, as appears in the bill of exceptions of the appellants, wherein it is stated (page 108 of the transcript) that the plaintiff testified that the property when it came to his possession was scarcely tenantable; that the building erected by him on the lot was a permanent and substantial building; that the prices paid for it by him were fair and reasonable; that there were several bids for the work, and he gave it to the lowest responsible bidders; that the old buildings were in such condition that they produced but a very small rental, and that he erected a building of such a permanent character that a benefit accrued to the heirs and those that survive them; that it will last fifty years; and connected with this testimony were statements of rents received by him.

At the trial all the beneficiaries were represented—the minors by guardians ad litem; and as Williams, the former trustee, was seeking to be relieved of the trust, and as the cestuis que trust were before the court, it had jurisdiction to hear and determine as to all matters relating to the trust; and, after Williams had been relieved, and his successors (Eastland and Barber) had been appointed, the successors would take office as the condition of the trust existed upon their coming in, and would not be subsequently heard to question the correctness of the action of the court, or its legitimate results, in the manner in which one of them here seeks to do.

The findings above referred to substantially found the facts in regard to the subject now in controversy. It is true the court in its findings stated that it was then impossible to separate the capital of the separate trusts, or to apportion the moneys due by plaintiff, or the mortgages for eighty-eight thousand dollars, between the new trustees, and by an order directed that the distribution of the money between the two trusts created by the will, and the apportionment of the two mortgages, and the settlement of all other controversies between the trust estates be reserved for further consideration and order; yet, with the facts then already found, as above stated, we do not see what was then in the way of making such a distribution as has been made by the decree of October 18, 1880, save the transactions which arose subsequent to the trial.

The appellants cannot, as between themselves and the respondents, be heard, on this appeal, to question the correctness of the expenditures on the Ketler lot, for this reason: As between the Ketlers and the Conroys, the Ketlers have the results of the expenditures, viz.: the building on their lot; if it was not a proper expenditure, or if (as they now claim) the building was of less value than the amount expended, Williams would be a necessary party to a proper adjustment of the controversy, because, if he had improperly expended the funds, the money judgments rendered against him would have to be increased by the amount improperly expended; and by omitting him from the motion for a new trial and from the appeal, the appellants have precluded themselves from going into the matter. They in effect say, as to Williams, we make no question as to the propriety of the expenditure, but, as to the respondents, we do make question; as to Williams, we have the worth of the money on our land, but as to the respondents we have not. This is not just. We see no error in the record.

Judgment and order affirmed.

I concur: Thornton, J.

SHARPSTEIN, J., Concurring.—I concur in the affirmance of the judgment and order for the reasons stated in the last paragraph of the opinion of Mr. Justice Myrick.